# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3585 | **DATE** | March 11, 2011 |
| **CASE TITLE** | Central States, Southeast and Southwest Areas Pension Fund et al v. The Collinwood Shale Brick and Supply Company et al | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to compel and for sanctions [32] is granted in part and denied in part for the reasons stated in open court and as explained below. Defendants are ordered to comply with this order by April 8, 2011. Also, based on the reports of the parties as to additional discovery they require, Plaintiffs are ordered to schedule their anticipated Rule 30(b)(6) depositions by March 25, 2011, to be taken between April 8, 2011, and May 3, 2011. A status hearing is scheduled for May 3, 2011, at 11:00 a.m. in courtroom 1944D (note the courtroom change).

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:40

# STATEMENT

Plaintiffs' motion to compel and for sanctions is granted in part and denied in part. The court appreciates Defendants' position that they should not even be involved in this lawsuit and their appeal that they have turned over virtually all documents related to the ownership of the remaining Defendant companies in this case. However, as explained in open court, Plaintiffs are entitled to the answers to their interrogatories in the form required by the rules. Defendants are ordered to comply with the following by April 8, 2011:

**Plaintiffs' Interrogatory ## 6-14, 16**: Defendants are ordered to supplement their answers to these interrogatories by no later than April 8, 2011.

**Plaintiffs' Interrogatory # 15**: The motion is denied as moot. Defendants have agreed to supplement their answer to this interrogatory.

**Plaintiffs' Interrogatory #17**: Defendants are ordered to supplement their answer to this interrogatory to the extent it pertains to their response to Plaintiffs' request to admit ## 8, 10, 11, 12, 14 and 16.

**Signature Requirement**: Defendants are ordered to forward an amended answers to Plaintiffs' first set of interrogatories with the ordered supplemental answers and have the corporate officer or agent who furnished the answers to the interrogatories sign the amended answers. Defendants' counsel may sign the amended answers to the extent that Defendants posed objections to the interrogatories.

**Attorney's Fees**: The motion is denied. Federal Rule of Civil Procedure 37(a)(5) contains a presumption that the prevailing party on a motion to compel is entitled to expenses, including attorney's fees. *See Rickels v. City*

| STATEMENT |
|---|

*of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). An award of sanctions, however, "must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993). Therefore, a court must not order monetary sanctions if the opposing party's "objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(ii)-(iii). Here, the court finds that an award of expenses would be unjust because Defendants' position as to interrogatory ## 6-14, 16, 17, as explained in open court, was substantially justified and was not unreasonable in that they believed that their response complied with Rule 33(d), that the business records they turned over sufficiently furnished the information Plaintiffs sought in their interrogatories and that they adequately explained the basis for denying certain requests to admit in a letter to Plaintiffs. *See Babych v. Psychiatric Solutions, Inc.*, __ F.R.D. __, 2010 WL 5128355, at *7 (N.D. Ill. Dec. 15, 2010). Having heard the arguments of the parties and having reviewed the various correspondence the parties have exchanged, an award of expenses would not be appropriate in connection with this particular motion to compel.